STATE OF CONNECTICUT *v.* ERIC WASHINGTON

COTTER, C. J., BOGDANSKI, SPEZIALE, PETERS and PARSKEY, Js.

Argued December 11, 1979—decision released July 1, 1980—reargued October 14—substitute decision released December 9, 1980

*Donald D. Dakers,* assistant public defender, with whom, on the brief, were *Joette K. Rubin,* assistant public defender, and *Thomas Ullmann,* law student intern, for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SPEZIALE, J. This appeal involves the issue of whether it is unconstitutional for a trial court to instruct the jury that prior to the time that a case is

submitted to them they may "discuss" the evidence they have heard provided they do not "deliberate, take a vote, [or] come to a conclusion." We hold that such an instruction is unconstitutional.

The defendant, Eric Washington, was ordered transferred by the Juvenile Court to the Superior Court pursuant to § 17-60a of the General Statutes for the murder of Gary Stein. The defendant appealed this order to the Superior Court, which dismissed the appeal; we upheld the judgment dismissing the appeal in *Washington* v. *State,* 171 Conn. 683, 372 A.2d 106 (1976).

After trial in the Superior Court, the defendant was found guilty by a jury of twelve of felony murder in violation of § 53a-54c of the General Statutes, and was sentenced by the court to a term of imprisonment of fifteen years to life. From that judgment the defendant appealed. This court set aside the judgment and ordered a new trial because of error in the instruction which permitted alternate jurors to discuss the case with regular jurors in contravention of their statutory duty. *State* v. *Washington,* 42 Conn. L.J., No. 1, pp. 10A, 11A (1980).

The state filed a motion for reargument to address fully the constitutional basis for error presented in the concurring opinion. *State* v. *Washington,* 42 Conn. L.J., No. 1, pp. 10A, 12A–16A (1980) (*Speziale, J.,* concurring). That motion was granted.

The facts in this case are essentially those reported in *Washington* v. *State,* supra. On December 7, 1974, at approximately 11 p.m., Gary Stein

was shot and killed during an attempted robbery while walking on a public street in New Haven. Several persons were involved in the robbery attempt; one of them was armed with the murder weapon, a shotgun. According to one of the state's witnesses who had been a participant in the robbery, the defendant had been in possession of the shotgun just before the robbery, but another person, Melvin Jones, snatched the gun from the defendant and actually shot the victim. On the day after the murder, December 8, 1974, the defendant was arrested without a warrant at approximately 5:30 p.m. at the home of his aunt. The defendant subsequently gave two confessions to the police. The first was given sometime in the early morning hours of December 9, 1974; this confession was "retracted" later that day. The second confession was made on December 10, at about 10 a.m.

On appeal the defendant challenges the above confessions as being constitutionally infirm; he also claims that the trial court's instructions early in the trial granting the jurors permission to *discuss* in the jury room the evidence heard daily before the termination of the case deprived him of due process under the federal and state constitutions. We agree that the instructions regarding the jurors' discussion of the evidence prior to the time the case was submitted to them deprived the defendant of due process of law, and we therefore order a new trial. We do not address the issue of the admissibility of the confessions.[1]

---

[1] In *Washington* v. *State*, 171 Conn. 683, 687-90, 372 A.2d 106 (1976), we upheld the admissibility of the second confession in the Juvenile Court proceeding. The admissibility of the first confession was not an issue at that time because pursuant to § 17-66d of the General Statutes, currently § 46b-137(a), it had been suppressed

The defendant's trial lasted approximately three weeks. Early in the trial the court was asked by the jury whether they could discuss during the trial the evidence that they heard daily. The state argued that there was no prohibition against the jurors discussing the evidence when they were in the jury room during recesses, but that the court should emphasize to them that they could not deliberate, reach conclusions, or vote. Defense counsel objected to such permission being granted and claimed that even if no vote were taken, discussion of the case would amount to deliberation and that deliberation or discussion should not be allowed until both the state and the defendant had concluded presentation of their evidence, and the court had given instructions regarding the law to be applied to the facts.

Over the defendant's objection, the trial court then gave the jury the following instructions: "[The Court:] Ladies and gentlemen of the jury, it has been brought to my attention by way of my clerk that you have asked a question concerning whether or not you can discuss the evidence of this case as it evolves in court among yourselves. I'll read to you the latter portion of the oath that you took and you probably don't recall the words, but that's where we'll start. It states: 'Your counsel, meaning you, and your fellows, meaning your fellow lady and fellow man, you'll duly observe and keep. You will speak nothing to anyone of the business or

because it was not made in the presence of his parent or guardian. The defendant here seeks to have us reconsider the admissibility of the second confession, alleging that it is a "fruit" of the prior illegal confession.

The admissibility of the first confession or the reconsideration of the admissibility of the second need not be considered now because these involve factual determinations that should first be made by the trial court on retrial.

matters you have in hand in this case, you will speak nothing to anyone but among yourselves. Nor will you suffer anyone to speak to you about the same, but in court.'

"I interpret that to mean that you may discuss the testimony and the evidence that you hear in this case in this courtroom among yourselves in that room. Whatever you discuss with your brother, sister juror must be kept secret. You will duly observe and keep. You will speak to no one else about it. And of course you're limited to the premises, namely that room. That doesn't mean downstairs, it doesn't mean on the elevator. It means in that room. You will never, I know, talk among yourselves during the course of the trial here.

"Now, that means discuss, it does not mean deliberate. It does not mean that you come to any decision, it does not mean that you come to a conclusion. It doesn't mean that you come to a vote. It means you discuss, talk about it if you want. As it evolved.

"And only on what you heard. Not on what you think is going to happen; because if you do that, then you're not adhering to the words of your oath. It's unusual that a question is asked of the court at this time, but nevertheless we attempt to give the best answer that we can. As I told the counselors as a practical matter cases are getting lengthier and lengthier. It would seem to be most unjust and most unfair to expect you people to retain all of the evidence from the first week when you might be deliberating in the 14th week, not that this case will take that long, but there are cases going that long. The caution that you must take is that you should never deliberate, take a vote and come to a conclusion.

Then you would be unfair and unjust. I hope I have made myself clear." The defendant duly excepted to this charge.

The trial court was correct in its conclusion that the juror's oath, set forth in § 1-25[2] of the General Statutes, does not specifically contain any prohibition against jurors' discussing the evidence prior to a case being submitted to them. Further, § 850 of the 1978 Practice Book,[3] which deals with the admonitions to be given jurors, does not mention instructions regarding the jurors not discussing the evidence among themselves before the termination of the case. It is the due process clause of the federal and state constitutions[4] and the right to trial

---

[2] Section 1-25 of the General Statutes provides in relevant part: "You solemnly swear by the name of the ever-living God, that you will, without respect of persons or favor of any man, well and truly try, and true deliverance make, between the state of Connecticut and the prisoner at the bar, whom you shall have in charge, according to law and the evidence before you; your own counsel, and your fellows', you will duly observe and keep; you will speak nothing, to any one, of the business or matters you have in hand, but among yourselves, nor will you suffer any one to speak to you about the same, but in court; so help you God."

[3] Section 850 of the 1978 Practice Book provides: "The judicial authority shall cause the jurors selected for the trial to be sworn or affirmed in accordance with Gen. Stat., §§ 1-23 and 1-25. The judicial authority shall admonish the jurors not to read or listen to news reports of the case or to converse with any person not a member of the jury relative to the cause under consideration."

[4] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . . . "

The constitution of Connecticut, article first, § 8, provides in relevant part: "No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law . . . . "

by an impartial jury[5] that are the source of the prohibition of such discussions.

The defendant correctly contends that it is improper for jurors to discuss a case among themselves until all the evidence has been presented, counsel have made final arguments, and the case has been submitted to them after final instructions by the trial court. 89 C.J.S., Trial §§ 457 (e) and 460 (b); 75 Am. Jur. 2d, Trial § 994.

This is not a case where the trial court had failed to instruct the jury that they were not to discuss the case among themselves until it was submitted to them for deliberation; compare *Morrow* v. *United States,* 408 F.2d 1390 (8th Cir. 1969); *People* v. *Jones,* 254 Cal. App. 2d 200, 62 Cal. Rptr. 304, cert. denied, 390 U.S. 980, 88 S. Ct. 1101, 19 L. Ed. 2d 1278 (1968); *State* v. *Vince,* 305 So. 2d 916 (La. 1974); or where some jurors disobeyed the court's instruction about not discussing the case. Compare *United States* v. *Nance,* 502 F.2d 615 (8th Cir. 1974), cert. denied, 420 U.S. 926, 95 S. Ct. 1123, 43 L. Ed. 2d 396 (1975); *United States* v. *Klee,* 494 F.2d 394 (9th Cir.), cert. denied, 419 U.S. 835, 95 S. Ct. 62, 42 L. Ed. 2d 61 (1974); *People* v. *Gilyard,* 124 Ill. App. 2d 95, 260 N.E.2d 364 (1970); *State* v. *Drake,* 31 N.C. App. 187, 229 S.E.2d 51 (1976). Here, the trial court expressly instructed the jurors that they were

[5] The sixth amendment to the United States constitution provides, inter alia: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . . " This guarantee has been made applicable to the states by incorporation into the fourteenth amendment. See *Duncan* v. *Louisiana,* 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968).

The constitution of Connecticut, article first, § 8, provides in pertinent part: "In all criminal prosecutions, the accused shall have a right . . . to a speedy, public trial by an impartial jury."

permitted to discuss the evidence in the jury room prior to the termination of the case. By permitting the jurors to discuss the case among themselves, either as a whole or in groups, the trial court authorized and encouraged them to give premature consideration to the evidence presented—consideration unaided by the final instructions of the trial court as to the law to be applied to the facts in the case. *Winebrenner* v. *United States,* 147 F.2d 322, 329 (8th Cir.), cert. denied, 325 U.S. 863, 65 S. Ct. 1197, 89 L. Ed. 1983 (1945).

Further, it is human nature that an individual, having expressed in discussion his or her view of the guilt or innocence of the defendant, would be inclined thereafter to give special attention to testimony strengthening or confirming the views already expressed to fellow jurors. *Winebrenner* v. *United States,* supra, 328. Because the prosecution presents its evidence first, initial expressions of opinion would generally be unfavorable to the defendant. *People* v. *Feldman,* 87 Mich. App. 157, 274 N.W.2d 1 (1979). Also, " 'the human mind is constituted so that what one himself publicly declares touching any controversy is much more potent in biasing his judgment and confirming his predilections than similar declarations which he may hear uttered by other persons. When most men commit themselves publicly to any fact, theory, or judgment they are too apt to stand by their own public declarations, in defiance of evidence. This pride of opinion and of consistency belongs to human nature.' " *Winebrenner* v. *United States,* supra, 328. See also *State* v. *McGuire,* 272 S.C. 547, 552, 253 S.E.2d 103 (1979).

Almost without exception, where the issue has been properly raised, every court has held that an

instruction permitting the jurors to discuss the case before its submission to them constitutes reversible error. *Winebrenner* v. *United States,* supra; *People* v. *Hunter,* 370 Mich. 262, 121 N.W.2d 442 (1963); *People* v. *Feldman,* supra; *People* v. *Monroe,* 85 Mich. App. 110, 270 N.W.2d 655 (1978); *State* v. *Gill,* 273 S.C. 190, 255 S.E.2d 455 (1979); *State* v. *McGuire,* supra; see also *Commonwealth* v. *Benjamin,* 369 Mass. 770, 343 N.E.2d 402 (1976); but see *Meggs* v. *Fair,* 621 F.2d 460 (1st Cir. 1980) (dictum); *United States* v. *Lemus,* 542 F.2d 222 (4th Cir. 1976), cert. denied, 430 U.S. 947, 97 S. Ct. 1584, 51 L. Ed. 2d 794 (1977) (such instruction, if made in the abstract, would clearly jeopardize the defendant's rights to a fair trial but, in context, the jury could only have been left with the impression that discussion was premature and ill-advised despite instruction permitting discussion). Although in some cases the decision was predicated on a statute prohibiting jurors from discussing a case prior to its submission to them, such statutes are codifications of the common-law practice which has been followed for more than 150 years. *Winebrenner* v. *United States,* supra, 329.

At reargument the state conceded that the instruction was erroneous. Nevertheless, the state contends that the limitations contained in this instruction, coupled with the charge to consider all the evidence and the strength of the evidence of guilt render the error harmless. Although the instruction permitted discussion only in the jury room and not elsewhere, such a limitation is simply not relevant. See *State* v. *Gill,* supra, 191–92. Also, the fact that the trial court explicitly cautioned the jurors not to "deliberate, take a vote [or] come to a conclusion" did not correct the error. The term "deliberate"

means "[t]o weigh, ponder, discuss, regard upon, consider . . . to weigh in the mind; to consider the reasons for and against." Black's Law Dictionary (5th Ed.). Discussion is an integral part of deliberations. Deliberations may commence only after all the evidence has been presented, final arguments of counsel have been made, and the trial court has charged the jury on the law. The trial court's instruction in effect invited the jurors to begin their deliberations before the close of the case; *State* v. *Gill,* supra, 192; and before the alternates had been dismissed. See § 51-243 (c) of the General Statutes (requiring that alternates be dismissed from further service on the case when the case is given to the regular jury panel for deliberation).

In a constitutional sense, the distinction between discussion and deliberation is more apparent than real. Discussion contemplates the interchange of opinions. Once a juror has expressed an opinion on key evidence to his fellows, the die may well have been cast. As stated by Chief Justice Marshall, "[s]uch a person may believe that he will be regulated by testimony, but the law suspects him, and certainly not without reason. He will listen with more favor to that testimony which confirms, than to that which would change his opinion; it is not to be expected that he will weigh evidence or argument as fairly as a man whose judgment is not made up in this case. It is for this reason that a juror who has once rendered a verdict in a case, or who has been sworn on a jury which has been divided, cannot again be sworn in the same case. He is not suspected of personal prejudices, but he has formed and delivered an opinion, and is therefore deemed unfit to be a juror in the cause." *United States* v. *Burr,* 25 F. Cas. 49, 50 (1807).

The state alleges that because there was no evidence that the jurors discussed the case at any time, the defendant has not shown that the instruction was harmful and, thus, cannot prevail on appeal. Inasmuch as the error was one of constitutional dimension, it is incumbent upon the state to show that it is harmless beyond a reasonable doubt. *Aillon* v. *State,* 168 Conn. 541, 547-48, 363 A.2d 49 (1975). Here, there has been no showing that the jurors did not discuss the case. In the absence of a fair indication to the contrary, the jury is presumed to have followed the instructions of the court. *State* v. *Barber,* 173 Conn. 153, 156-57, 376 A.2d 1108 (1977). Because the state has not sustained its burden, a new trial is ordered.

We do not decide that any juror discussion prior to deliberation would automatically mean a new trial, because not every act of juror misconduct requires a new trial. *United States* v. *Klee,* supra. What we do hold is that: (1) it is error of constitutional magnitude for the trial judge expressly to instruct the jurors that they may discuss the case among themselves prior to its submission to them; and, therefore, (2) unless the state can show that such error is harmless beyond a reasonable doubt, the defendant is entitled to a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion COTTER, C. J., PETERS and PARSKEY, Js., concurred.

BOGDANSKI, J. (concurring). On July 1, 1980, this court ordered a new trial for the defendant on the basis of a statutory violation. This court has on numerous occasions espoused the principle that

430

the court will not pass upon a constitutional question if there is present some other ground upon which the case may be decided. *State* v. *Gold,* 180 Conn. 619, 639–40, 430 A.2d 501, cert. denied, 449 U.S. 920, 101 S. Ct. 320, 66 L. Ed. 2d 148 (1980); *Negron* v. *Warden,* 180 Conn. 153, 166–67, 429 A.2d 841 (1980). This is a fundamental principle of constitutional law. *Ashwander* v. *Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring), reh. denied, 297 U.S. 728, 56 S. Ct. 588, 80 L. Ed. 1011 (1936).

Moreover, no reason for changing the law has been indicated. While this court should not hesitate to overrule outmoded principles, the doctrine of stare decisis requires that we rule according to precedent until there is good reason to change the law. *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 62, 111 A.2d 4 (1955).