STATE OF CONNECTICUT *v.* WILLIE LEE BOWMAN
(2784)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued October 11, 1984—decision released January 15, 1985

*Joette Katz,* for the appellant (defendant).

*William P. Mahoney,* law student intern, with whom were *Guy W. Wolf III,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, for the appellee (state).

DUPONT, C.P.J. The defendant, after a trial to a jury, was convicted of sexual assault in the first degree, a violation of General Statutes § 53a-70. The issues of this appeal[1] are whether the trial court erred (1) in giving jurors a continuing instruction permitting them to discuss the case in the jury room during the course of

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

the trial, (2) in allowing the state to introduce testimony of alleged prior sexual misconduct of the defendant, (3) in denying the defendant's motion for judgment of acquittal when the evidence presented by the state indicated that the crime occurred at a time different from that stated in the information, and (4) in failing to order a recording of closing arguments, thereby unconstitutionally depriving the defendant of his right to appellate review, effective assistance of counsel on appeal, due process, and equal protection of the law.

I

The defendant's first claim of error is that the trial court should not have given the jury continuing instructions, during the trial, "not to discuss the case unless you are all together in the jury deliberating room." The defendant did not object to the instructions. He now claims that they violated his constitutional right to a trial before an impartial jury. In *State* v. *Washington,* 182 Conn. 419, 438 A.2d 1144 (1980), an instruction similar to the one in the present case was given to the jury. The Supreme Court concluded that such an instruction allowing jurors to discuss a case and possibly form opinions before all the evidence was presented, constituted reversible error because it jeopardized the defendant's right to an impartial jury in violation of the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. Unlike the defendant in the present case, the defendant in *Washington* objected to the instruction.

Since the defendant here failed to object to the instructions during the trial, he thereby waived his right to preserve the issue on appeal, unless his belated claim falls within one of two situations which may constitute "exceptional circumstances." *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). The two exceptions are

"where a new constitutional right not readily foreseeable has arisen between the time of trial and appeal," or "where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." Id.

The defendant contends that because *Washington* was not decided until nine months after the admonitions were given in the present case, he is asserting a new constitutional right which was not foreseeable at the time of his trial, and that he is therefore entitled to an *Evans* review. This contention is rebutted by the case of *State* v. *Johnson,* 188 Conn. 515, 467 A.2d 1237 (1982). Under similar circumstances, it was held that review of a claimed violation of a constitutional right not perfected at trial and to which no exception was taken is only justified under the first *Evans* test if the neglected claim was meritless at the time of trial due to long-standing precedent upon which litigants could rely. Id., 518A.

The *Johnson* court held that the decision of *State* v. *Washington,* supra, was in harmony with established state procedure which for at least 150 years had prohibited premature juror discussion. *State* v. *Johnson,* supra, 518A. Not having objected to the trial court's instructions to the jury which allowed it prematurely to discuss the case, the defendant is now precluded from obtaining a review of those instructions. His claim is not the assertion of a constitutional right, unforeseen at the time of the trial.

The defendant also claims that the trial court's admonitions to the jury are within the scope of the second *Evans* exception. This issue has been addressed by our Supreme Court in *State* v. *Johnson,* supra, 519. That case held that it is the defendant who must shoulder the burden of establishing, by a sufficiently complete record, that he has been deprived of a fundamental con-

stitutional right and a fair trial. Our Supreme Court recently decided *State* v. *Castonguay,* 194 Conn. 416, 481 A.2d 56 (1984), wherein an instruction allowing premature discussion was given over the defendant's objection. That court remanded the case to the trial court to allow the state an opportunity to establish beyond a reasonable doubt that the instruction was harmless error in accord with its previous holding in *Washington.* Id., 436. We are not confronted with this problem as the defendant here failed to object to the trial court's instruction and therefore he, rather than the state, bears the burden of establishing the harmfulness of the instruction. We have reviewed the record and do not believe that it clearly indicates that the defendant has been deprived of a fundamental constitutional right and a fair trial.

## II

The defendant's second claim of error is that the trial court should not have allowed the state to introduce testimony of alleged prior sexual misconduct of the defendant with the complainant's sister. Evidence of prior misconduct may not be admitted to prove the bad character or criminal tendencies of an accused, but such evidence is admissible (1) if it can be shown to be relevant and material on some element or issue of the case, and (2) if its probative value on this issue outweighs its general prejudicial tendency. *State* v. *Howard,* 187 Conn. 681, 684–85, 447 A.2d 1167 (1982); *State* v. *Falby,* 187 Conn. 6, 23, 444 A.2d 213 (1982).

The facts relevant to this claim were that the defendant was a friend of the victim's family, that the victim was sixteen at the time of the crime with which the defendant was charged, that her sister was thirteen at the time of the alleged prior sexual misconduct, that the victim and her sister were each allegedly assaulted in the defendant's car, that each had entered his car

after an offer of a ride to another sister's home and that the alleged assaults were approximately two years apart in time.

The state claims that the evidence was admissible because it showed a common design or plan on the part of the defendant, and claims that it was sufficiently connected with the principal crime in terms of circumstances and peculiarity for substantiation of that crime. Evidence of prior sex offenses involving a third person is relevant and admissible if the prior behavior is not too remote in time, is similar to the behavior involved in the crime with which the defendant is charged and is committed upon a person in some way similar to the victim. *State* v. *Esposito,* 192 Conn. 166, 169–70, 471 A.2d 949 (1984). Although the victim and her sister share the similarity of family and youth, it is dubious whether the alleged touching of the victim's sister in the defendant's car in the presence of the defendant's son, two years prior to the alleged assault of the victim, conforms to the *Esposito* standard for admissibility of evidence to show a common modus operandi between the uncharged prior misconduct and the charged misconduct. In determining the issue of admissibility of such evidence, an analysis of the particular sexual crime with which the defendant is charged is crucial. Id., 172. The alleged prior misconduct must show, in cases involving sexual assault in the first degree, that the common scheme involved the use or threatened use of force in order to compel sexual intercourse. The issue of admissibility on this ground, however, need not be reached in this case.

The evidence was properly admitted because the defendant himself had induced the testimony. On direct examination, the victim's sister testified that the victim had told her that she had been raped by the defendant to which the victim's sister had responded, "[n]o he didn't." The state did not pursue the reply. On cross-

examination, defense counsel asked the witness why she had said the defendant had not assaulted the victim, to which she replied, "I would think that he was a friend of the family, so he wouldn't do a thing like that." The witness, upon further questioning by the defense, reiterated that opinion. These questions provoked the questions of the redirect examination which led to the testimony relating to the alleged prior sexual misconduct. The latter testimony was given, without any elaboration, and occupied less than two pages in a trial transcript of well over 600 pages. Since the defendant had introduced the subject of whether the defendant was a family friend, unlikely to sexually molest one of its female members, the state was entitled to delve into the subject on redirect examination. The field of inquiry was opened by the defendant and he cannot complain if the state attempted to clarify that field, even if the evidence would otherwise be inadmissible. *State* v. *Roy,* 173 Conn. 35, 50, 376 A.2d 391 (1977); see *State* v. *Glenn,* 194 Conn. 483, 498–99, 481 A.2d 741 (1984). The defendant's counsel, through his cross-examination of the complainant's sister, attempted to characterize the defendant as a man who would not sexually assault members of the victim's family, and the complainant as a liar. This line of questioning precipitated the testimony of the redirect examination as to whether the complainant's sister believed and had reason to believe that the defendant would attack the complainant, and ultimately led to testimony about the prior sexual assault upon the witness.

### III

The defendant's third claim of error is that the trial court erred in denying his motion for a judgment of acquittal which had been based on the variance between the time of the crime as alleged in the information and the evidence introduced. According to him, the element of time was the "centerpiece" of his defense and its

entire focus. He argues that, contrary to the allegations of the information, the complainant and the defendant were observed in a bar in the company of others at the particular time specified in the information, and that the requirement of specificity in criminal pleadings implicates a broad range of rights offered a criminal defendant under the fifth, sixth, and fourteenth amendments to the United States constitution, as well as under the constitution of Connecticut, article first, § 8.

The information charged that the sexual assault occurred at approximately 11:30 p.m. on July 22, 1978, whereas, according to the trial testimony, it occurred between 1 a.m. and 2:30 a.m. on July 23, 1978. The court denied the state's motion to amend the information to read that the events occurred between 1 a.m. and 2 a.m. on July 23, 1978. It is axiomatic that it is not necessary that a sexual assault be proved to have been committed on the precise date alleged, provided it is proved (1) that the crime was committed prior to the date of the complaint, (2) that the crime was committed within the period fixed by the statute of limitations, (3) that time is not an essential element of the crime charged, and (4) that the time is not otherwise a material factor in the defendant's case. *State* v. *Horton,* 132 Conn. 276, 277, 43 A.2d 744 (1945); see *State* v. *Ramos,* 176 Conn. 275, 276–77, 407 A.2d 952 (1978); *State* v. *Bitting,* 162 Conn. 1, 8, 291 A.2d 240 (1971).

The fourth element, whether the defendant was prejudiced in the presentation of his defense, is the only question which need be addressed in this case. The other elements are not in issue. The victim testified that the assault occurred between 1 a.m. and 2 a.m. on July 23. Such testimony adequately conformed to the charge in the information which stated that the attack occurred "on or about the 22nd day of July, 1978, at

approximately 11:30 p.m." The discrepancy of a maximum of two and one-half hours did not prejudice the defendant in this case because other testimony, that of defense witnesses, could have led to the conclusion that the assault could have occurred at the time alleged in the information.

Credibility, not timing, was the focus of the defense. The discrepancy between the specific hour charged in the information and the testimony of the victim was irrelevant to the principal thrust of the defense presented.

## IV

The defendant finally claims that because the closing arguments of counsel at trial were not recorded, he was deprived of certain constitutional rights, including the right to effective assistance of counsel and equal protection of the law. The defendant argues that General Statutes (Rev. to 1983) § 51-61 (a), which required court reporters to record all proceedings "except arguments of counsel," unconstitutionally impedes the availability of an essential portion of the appellate record.

Recently, § 51-61 (a) was amended to provide for recording the arguments of counsel *"upon the request of any party."* (Emphasis added.) Public Acts 1984, No. 84-23. Also, the Supreme Court recently took judicial notice of the practice used in Connecticut trial courts to preserve closing arguments. *State* v. *Vitale,* 190 Conn. 219, 226, 460 A.2d 961 (1983). "[T]he court reporter remains in attendance during argument, prepared to record any objection or interruption which may occur in the course thereof, but does not record the remarks of counsel unless so directed by the court." Id., 226. The court held that "it appears that no request was made by counsel that these arguments be recorded"; id.; and that, therefore, the defendant "must be deemed to have assented to that procedure." Id. In

another decision, the court reaffirmed *Vitale,* stating that "[a]bsent any clearly denied request by the defendants for the arguments to be recorded or any exception taken to the method employed, the defendants must be deemed to have assented to the procedure employed" and to have "waived their right to object to any impropriety." *State* v. *Killenger,* 193 Conn. 48, 59, 475 A.2d 276 (1984). In the present case, the defendant did not request that final arguments be recorded, nor did he object to the failure to record.

There is no error.

In this opinion the other judges concurred.