STATE OF CONNECTICUT *v.* GREGORY DELOSANTOS
(5920)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 2, 1987—decision released February 2, 1988

*Bruce A. Sturman,* public defender, for the appellant (defendant).

*Irving L. Aronson,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of assault in the second degree in violation of General Statutes § 53a-60 (a) (2), assault in the third degree in violation of General Statutes § 53a-61 (a) (1), and threatening in violation of General Statutes § 53a-62 (a) (1).[1] The defendant claims the court erred (1) in admitting evidence of other beatings inflicted by the defendant upon the victim, (2) in allowing testimony of the defendant's drug use, and (3) in improperly instructing the jury on reasonable doubt. The defendant further claims that he was denied a fair trial because of improper prosecutorial comments concerning his failure to testify. We find no reversible error.

The jury could reasonably have found the following facts. At various times on June 10 and 11, 1986, the victim, who had previously lived with the defendant, encountered him on the streets of New London. The defendant demanded money from the victim, and, when it was not provided, the defendant beat, kicked and cut the victim and threw her from a third floor porch to

---

[1] General Statutes § 53a-60 provides in pertinent part: "ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when: . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

General Statutes § 53a-61 provides in pertinent part: "ASSAULT IN THE THIRD DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . ."

General Statutes § 53a-62 provides in pertinent part: "THREATENING: CLASS A MISDEMEANOR. (a) A person is guilty of threatening when: (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury . . . ."

a lower landing. He also threatened her for reporting this brutality to the police.

At trial, the victim testified on redirect examination that during their cohabitation, she and the defendant got along amicably as long as she gave the defendant money and drugs, but that he beat her whenever she did not. The defendant did not testify. The circumstances surrounding the state's attorney's comments regarding this failure to testify are set forth in the course of the ruling on that claim.

I

The first two claims of error concern the admission of evidence of the defendant's prior misconduct. The defendant does not strenuously press his claim concerning prior drug use. In a nonresponsive answer to a question posed by the defendant on cross-examination, concerning the victim's relationship with the defendant, the victim alluded to the defendant's drug use.[2] No motion to strike the unresponsive reply was made by the defendant at that time and it was allowed to stand. Although perhaps inadmissible, once the defendant allowed the bars to be let down to an incompetent or irrelevant field of inquiry by failing to object to the victim's response, he could not complain if his adversary was also allowed to avail himself of the opening. *State* v. *Roy,* 173 Conn. 35, 49–50, 376 A.2d 391 (1977).

The defendant does, however, vigorously argue error in his second claim, regarding the admission of evidence that he beat the victim on previous occasions. On cross-

---

[2] The question posed to the victim by defense counsel and her reply are as follows:

"Q. But you admit that you gave [the defendant] money when he asked for it?

"A. I was supporting two habits.

"Q. Your answer is yes?

"A. Yes."

examination of the victim, the defendant introduced evidence intended to show that he and the victim got along harmoniously when they lived together. On redirect examination, the court allowed the state to inquire into this relationship to show that this was not so, and that the victim had been subjected to beatings by the defendant during that period.

We recognize that evidence of guilt of other crimes is normally inadmissible because of the danger that the jury will infer that if a person committed an earlier crime he probably committed the present crime as well. *State* v. *Ouellette,* 190 Conn. 84, 95, 459 A.2d 1005 (1983). This rule, however, is not without its exceptions.[3] In this case, "[t]he field of inquiry was opened by the defendant and he cannot complain if the state attempted to clarify that field, even if the evidence would otherwise be inadmissible. *State* v. *Roy,* [supra, 50]; see *State* v. *Glenn,* 194 Conn. 483, 498–99, 481 A.2d 741 (1984)." *State* v. *Bowman,* 3 Conn. App. 148, 154, 485 A.2d 1343 (1985).

The trial court did not commit error in allowing evidence of prior drug use or prior beatings of the victim by the defendant to be admitted.

## II

With regard to the defendant's third claim concerning the court's jury instruction on reasonable doubt, the transcript shows that at one point in the jury instruction the court stated: "[I]f the facts you may find proven on the evidence you deem credible [are] consistent with or may be reasonably explained by any other hypothesis, *then the accused is guilty.*" (Emphasis added.) The statement is unquestionably wrong. To

---

[3] For example, prior misconduct may be allowed into evidence to prove " 'many different things, such as intent, identity, malice, motive or a system of criminal activity.' " *State* v. *Brown,* 199 Conn. 47, 56, 505 A.2d 1225 (1986).

be correct the instruction should have stated that under such circumstances the defendant should have been found *not* guilty. It is significant, however, that such a clear misstatement of a rudimentary legal principle brought no outcry from either counsel. It is possible, however, that the instruction as presented in the transcript was not that actually given by the court, but is rather the result of a typographical error on the part of the transcript's preparer.[4] Nonetheless, we must accept the transcript as it appears. We observe that when defense counsel, actually present in the courtroom at the time of a claimed error, fails to object and except, we may presume that he did not view the allegedly objectionable language to be as egregious as appellate counsel now urges; nor did he view the error as so prejudicial that his client's right to a fair trial was seriously jeopardized.[5] *State* v. *Lubesky,* 195 Conn. 475, 484, 488 A.2d 1239 (1985). *State* v. *Bradley,* 12 Conn. App. 163, 168, 529 A.2d 1343 (1987). "This assumption is reinforced by the defendant's failure to include the claim in his preliminary statement of the issues as is required by Practice Book [4013]." *State* v. *Salz,* 8 Conn. App. 125, 138–39, 512 A.2d 921, cert. denied, 201 Conn. 807, 515 A.2d 380 (1986).

Because of the absence of proper preservation, we address this claimed error under the doctrine of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), because the defendant's constitutional right to a fair trial is implicated.

---

[4] Because the transcript was prepared by a steno typist and not a court monitor, no audio recording of the actual testimony was made which could have been checked to test the veracity of the transcript. This observation, however, is not intended to inject this court into a controversy concerning the superiority of the services supplied by court reporters vis-a-vis court monitors.

[5] We note that appellate counsel did not try the case.

" 'On appeal, the adequacy of jury instructions is not determined by the giving of any one instruction, but by examining the instruction as a whole.' " *State* v. *Brown,* 199 Conn. 14, 27, 505 A.2d 690 (1986). The trial court correctly explained each of the elements of the crimes charged, and in the course of so doing instructed the jury more than forty times to the effect that each element must be proved beyond a reasonable doubt in order to find the defendant guilty of any crime. At the very least, we are confronted with an inadvertent slip of the tongue by the trial court. Notwithstanding that the instruction as given involves a constitutional right, reversible error is not an inevitable appellate result. " 'An erroneous instruction, even of constitutional dimension, is harmless if, viewed in the context of the charge as a whole, there is no reasonable possibility that the jury was misled.' " *State* v. *Cobb,* 199 Conn. 322, 325, 507 A.2d 457 (1986). Examining this charge as a whole, we conclude that it is not reasonably possible that the jury was misled. *State* v. *Shifflet,* 199 Conn. 718, 754, 508 A.2d 748 (1986). The trial court's error was harmless.

### III

As his final claim of error, the defendant raises a comment made by the prosecutor regarding the defendant's failure to testify. Despite the defendant's failure to preserve the issue in a proper manner, it is reviewable under *State* v. *Evans,* supra, 71. *State* v. *Magnotti,* 198 Conn. 209, 215, 502 A.2d 404 (1985).

General Statutes § 54-84 prohibits a prosecutor from commenting on the fact that an accused does not testify.[6] It is essential, however, that we examine the circumstances under which the state's remark was made.

---

[6] "[General Statutes] Sec. 54-84. TESTIMONY OR SILENCE OF ACCUSED. (a) Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. The neglect

In his closing argument, defense counsel noted the paucity of eyewitnesses called to testify on the state's behalf, and argued that "to prove [a crime] in a court of law you better come up with a witness. There is none in this whole case . . . ."

In rebuttal, the state argued that "[i]f there are only two people there, they are the only ones who can testify as to what happened. *And the defendant doesn't take the stand which is his right.* That leaves only one person; that is the victim."[7] (Emphasis added.)

It is apparent that the remarks of the state's attorney were invited by the comments of defense counsel. When a prosecutor's allegedly improper argument is in direct response to matters raised by defense counsel, the defendant has no grounds for complaint. *United States* v. *Estremera,* 531 F.2d 1103, 1110 (2d Cir. 1976), cert. denied, 425 U.S. 979, 96 S. Ct. 2184, 48 L. Ed. 2d 807 (1976); *United States* v. *Hoog,* 504 F.2d 45, 50 (8th Cir. 1974).

In reviewing the challenged comment in the context of the entire trial; *State* v. *Haskins,* 188 Conn. 432, 457,

---

or refusal of an accused party to testify shall not be commented upon by the court or prosecuting official, except as provided in subsection (b) of this section.

"(b) Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inferences shall be drawn by the court from the accused's silence."

[7] The full text of the assistant state's attorney's comment on rebuttal regarding the defendant's failure to testify is as follows: "Counsel made a deal of the fact that there was no witness at the threatening. There was no evidence at the first assault. Well, if there aren't any witnesses, we are not going to put people on the witness stand to perjure themselves. If there are only two people there, they are the only ones who can testify as to what happened. And the defendant doesn't take the stand, which is his right. That leaves only one person; that is the victim. We can't put somebody else there and have somebody else testify as to what they saw when they didn't see anything. So she is the only one that can testify as to what happened to her. And you saw the injuries."

450 A.2d 828 (1982); we conclude that in the totality of the circumstances the defendant was not deprived of a fair trial.

There is no error.

In this opinion the other judges concurred.