No. 13-0099 - <u>State of West Virginia v. Gary Lee Rollins</u>

**FILED**

**June 17, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Justice, concurring, with Ketchum, Justice, joining:

I concur in the judgment of the majority in affirming the petitioner's conviction of first degree murder with no recommendation of mercy.[1]  I write separately because I disagree with the majority's analysis of the issue involving the prosecutor's allegedly improper remarks made during closing rebuttal argument and because I want to emphasize the correctness of this Court's decision upholding the admission of Rule 404(b) evidence to rebut a defense theory of accident.

### *Prosecutor's Remarks*

The majority's analysis of the prosecutor's allegedly improper remarks is unnecessarily confusing.  The majority first concludes that the petitioner waived the issue through his counsel's failure to object to the challenged remarks in a timely fashion.  Thereafter, the majority suggests the possibility of invited error before abruptly dismissing the petitioner's plain error argument on the basis that it had "determined that the prosecutor's

---

[1]I also concur with Justice Workman's separate opinion addressing the admission of the Rule 404(b) evidence as it relates to the petitioner's hearsay argument.

1

remarks were in direct response to closing arguments made by the petitioner," when, in fact, it had merely found the issue to have been waived.

During closing argument, the petitioner's counsel appealed to the jury to discount the testimony of State's witness April Bailes. Specifically, defense counsel argued that the State would never indict Ms. Bailes as an accessory after the fact to the victim's murder because she had been the State's "star witness" and had lied for the prosecution.[2] When the prosecutor responded to this baseless *quid pro quo* argument by arguing, "You can bet your behind that I'm going to indict her next month[,]"[3] the petitioner did not object. Consequently, on appeal, the petitioner invokes the plain error doctrine, arguing that the prosecutor's argument was an improper vouching of witness Bailes's credibility. A review of the record demonstrates that this is simply not the case.

---

[2]The jury was instructed that witness Bailes had been charged as an "accessory after the fact," which carries a maximum possible sentence of five years imprisonment. Although she had been arrested on that charge, it appears that she had not been indicted.

[3]Prosecuting attorneys have sole discretion in determining whether to bring charges against an accused. *See State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 752, 278 S.E.2d 624, 631 (1981) ("The prosecuting attorney, in his sound discretion, may refrain from prosecuting a cause or, having commenced a prosecution, may move the dismissal of a cause, . . ."); *see also State ex rel. Hamstead v. Dostert*, 173 W.Va. 133, 313 S.E.2d 409 (1984) (discussing prosecutorial discretion). Thus, whether Ms. Bailes would be indicted was within the prosecutor's sole purview.

As we explained in *State v. Hamrick*, 216 W.Va. 477, 607 S.E.2d 806 (2004), "[i]mproper vouching occurs when the prosecution places the government's prestige behind a witness by making explicit personal assurances of a witness' veracity, or where a prosecutor implicitly vouches for a witness' veracity." *Id.*, 216 W.Va. at 481, 607 S.E.2d at 810, (quoting *State v. Shuler*, 545 S.E.2d 805, 818 (S.C. 2001)). Here, the prosecutor's comments, rather than placing the "government's prestige" behind Ms. Bailes by making a personal assurance of her veracity, were merely directed to defense counsel's argument that she was testifying falsely in exchange for leniency from the State. As such, the prosecutor's remarks were directly and appropriately responsive to defense counsel's closing argument.[4] *See also State v. Mullins*, 171 W.Va. 542, 301 S.E.2d 173 (1982) (finding prosecutor's remark to be in direct response to comment made by defense counsel in closing argument and concluding it was not error). Many courts agree that prosecutors may respond to the arguments and comments of defense counsel. *See State v. Delosantos*, 536 A.2d 609, 613 (Conn. 1988) ("When a prosecutor's allegedly improper argument is in direct response to matters raised by defense counsel, the defendant has no grounds for complaint."); *Bell v. State*, 108 So.3d 639, 649 (Fla. 2013) ("Because the prosecutor's comment was a direct rebuttal to the defense attorney's argument, it falls within the 'invited response' exception to the fairly susceptible test and was therefore not improper."); *People v. Vargas*, 949 N.E.2d

---

[4]The record reveals that the jurors were appropriately instructed that they are the "sole judges of the credibility of the witnesses and the weight of the evidence[]" and that "[n]othing said or done by the lawyers . . . is to be considered . . . as evidence of any fact."

238 (Ill. App. Ct. 2011) (finding prosecutor's comments were invited responses to defendant's closing argument); *Com. v. Chavis,* 616 N.E.2d 423, 429 (Mass. 1993) (prosecutor "may make a fair response to an attack on the credibility of a government witness."); *Commonwealth v. Barren,* 462 A.2d 233 (Pa. 1983) (finding prosecutor entitled to respond to defense counsel's comments regarding credibility of prosecution witness); *Sandoval v. State*, 52 S.W.3d 851, 858 (Tex.App.Ct. 2001) (holding it was permissible for prosecutor to respond to defense counsel's suggestion that prosecution manipulated testimony of witness); *State v. Russell*, 882 P.2d 747 (Wash. 1994) (finding prosecutor entitled to make fair response to arguments of defense counsel). Accordingly, because the prosecutor's remarks in the case at bar constitute a reasonable response to defense counsel's argument, it is clear that there is no error, thus, the plain error doctrine is inapplicable.

Even assuming, *arguendo*, that the prosecutor's remarks were improper, I believe, as the majority briefly suggests, that it was invited error. Recently, in *State v. Lambert*, 232 W.Va. 104, 750 S.E.2d 657 (2013), we addressed a prosecutor's unobjected-to argument made in response to defense counsel's statement that the four-year-old victim was deemed incompetent to testify because she did not know the difference between telling the truth and a lie. We concluded that it was unnecessary to reach the issue of plain error because "the comments complained of, even if error, were *invited*[]" and were a reasonable response to the misleading and inaccurate argument of defense counsel. *Id.,* 232 W.Va. at

4

___, 750 S.E.2d at 666. Similarly, in the case *sub judice*, the prosecutor's rebuttal remarks were invited by, and a reasonable response to, defense counsel's argument that witness Bailes testified falsely in exchange for the State's leniency.[5]

Inasmuch as the petitioner has been sentenced to life imprisonment without the possibility of parole, it is likely that the issue of the prosecutor's remarks will be relied upon in a forthcoming petition for habeas corpus relief in federal district court. Given the majority's cursory and confusing analysis of this issue, the federal court will have, at best, only a hint of what the highest court of this State intended.[6]

### Rule 404(b) Evidence

---

[5]Ms. Bailes testified that she had not been promised anything by the State in relation to her trial testimony.

[6]Thorough and well-reasoned decisions of this Court are imperative in federal habeas proceedings where there is a presumption that our factual determinations and findings are correct. *See* 28 U.S.C. § 2254(e)(1) (" In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also Austin v. Plumley,*No. 13-6661, ___ Fed.Appx. ___, 2014 WL 1345345, at *7 (4th Cir., Apr. 7, 2014) (quoting *Taylor v. Grounds*, 721 F.3d 809, 822 (7th Cir. 2013)) (stating that "a sparse decision devoid of factual matter cannot support the Illinois Supreme Court's determination of an implicit credibility finding.").

The majority has correctly determined that the trial court did not abuse its discretion in admitting the Rule 404(b)[7] evidence offered by the State against Mr. Rollins. I write separately to emphasize that prior bad acts evidence may be admissible to show absence of mistake or accident where a defendant raises a defense theory of accident unrelated to his or her own conduct or actions.

Here, Mr. Rollins defense theory at trial went well beyond simply claiming that he did not kill his wife to one of accidental death caused by a tree.[8] In its effort to rebut Mr. Rollins's accidental death theory, the State offered Rule 404(b) evidence of Mr. Rollins's

---

[7]Rule 404(b) of the West Virginia Rules of Evidence provides, as follows:

> **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[8]The State's expert medical evidence at trial was that Mrs. Rollins's death was the result of forcible drowning and that her injuries were not extensive enough to have been caused by a falling tree.

alleged prior acts of domestic abuse of Mrs. Rollins for the purpose of showing absence of mistake or accident, both acceptable purposes under Rule 404(b).[9]

As both the trial court and the majority have concluded, *State v. Mongold*, 220 W.Va. 259, 647 S.E.2d 539 (2007), provides clear support for the admission of the 404(b) evidence in the case at bar. Notwithstanding Mr. Rollins's argument to the contrary, there is nothing in *Mongold* to suggest that a defendant must claim that his or her conduct may have accidentally caused or contributed to the victim's injuries before prior bad act evidence may be admitted to show absence of mistake or accident. In fact, in *Mongold*, this Court considered evidence presented during Mr. Mongold's case-in-chief, including his testimony during direct examination and the testimony of other witnesses, "which suggested that [the victim's] injuries could have been caused accidentally while, *among other things*, she was playing the game of 'airplane' [with Mr. Mongold]." *Id.*, 220 W.Va. at 265, 647 S.E.2d at 545 (emphasis added). These "other things" included the child falling from a deck and being knocked down by a family dog. Thereafter, the State was allowed to introduce evidence of Mr. Mongold's prior acts of violence against another child to rebut his "theories of how [the child victim's] injuries could have occurred accidentally[.]" *Id.* In addressing the evidentiary issue on appeal in the context of Mr. Mongold's multiple theories of accident, some of which did not involve his participation, this Court concluded that "[v]ery clearly, the

---

[9]*See supra* note 6.

record demonstrates that the trial court complied with *McGinnis*[10] by finding that the prior child abuse incident was admissible to show intent *and a lack of accident*." *Id.*, 220 W.Va. at 266, 647 S.E.2d at 546 (footnote added) (emphasis added). Similarly, the State's Rule 404(b) evidence was admissible to show absence of accident even though Mr. Rollins's accidental death theory did not involve his active participation.

Although not cited by the majority, I find further support for the decision reached in the instant appeal in *State v. Meadows*, 231 W.Va. 10, 743 S.E.2d 318 (2013). In *Meadows*, we addressed a Rule 404(b) issue that arose during Mr. Meadows's murder trial involving the death of his girlfriend's seventeen-month-old daughter. Defense theories at trial included that the child's mother had inflicted the injuries that led to the child's death or that the injuries were the product of the child's accidental falls from a couch and a bed. The State was allowed to introduce the testimony of a licensed psychologist, who had been providing therapy to the victim's four-year-old brother, which reflected Mr. Meadows's prior acts of violence against that child, as well as the victim. This Court concluded that

> the evidence was admitted for the legitimate purposes of *showing lack of mistake or accident* and to identify the likely perpetrator of the injuries underlying the crimes charged. These fall within the acceptable purposes stated in the text of Rule 404(b). They are obviously appropriate reasons under circumstances where *Meadows had maintained that the victim's injuries were the result of an accidental fall* and the identity of

---

[10]*State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994).

8

the person inflicting the injuries on the toddler had not been conclusively established.

*Id.*, 231 W.Va. at 22, 743 S.E.2d 318 at 330. *Id.* (emphasis added).[11]   Our reasoning in *Meadows* is equally applicable here, where Mr. Rollins claimed accident by pointing, not to a fall from a bed or a couch, but to a falling tree.

The appendix record contains the trial court's thorough and well-reasoned twenty-eight-page order allowing the admission of the Rule 404(b) evidence for the legitimate purpose of rebutting Mr. Rollins's accident theory.  In reviewing "the admission of Rule 404(b) evidence . . . in the light most favorable to the party offering the evidence, in this case the prosecution, maximizing its probative value and minimizing its prejudicial effect[,]"[12] it is clear that the trial court did not abuse its discretion in its admission of this evidence.

For these reasons, I concur in the majority's decision to affirm the petitioner's conviction.   I am authorized to state that Justice Ketchum joins in this separate opinion.

---

[11]*See also State v. Hager*, 204 W.Va. 28, 36, 511 S.E.2d 139, 147 (1998) (upholding trial court's admission of Rule 404(b) evidence of prior acts of domestic violence against murder victim by defendant, who claimed another person killed victim, to show, *inter alia*, "*lack of accident . . . .*") (emphasis added).

[12]*McGinnis*, 193 W.Va. at 159, 455 S.E.2d at 528.