19159

The STATE, Respondent, v. Boyce Lee PARKER, Appellant

(179 S. E. (2d) 31)

*John W. Williams, Jr., Esq.,* of Columbia, *for Appellant,*

*John W. Foard, Jr., Esq., Solicitor,* of Columbia, *for Respondent.*

February 2, 1971.

LEWIS, Justice:

Appellant, Boyce Lee Parker, and one John Cutler were fellow inmates at the Manning Correctional Institution of South Carolina. During the early morning hours of May 17, 1969, Cutler was stabbed to death with a knife while he was lying in bed. Appellant was charged with the murder of Cutler and was subsequently convicted of the offense with

a recommendation to mercy, receiving the mandatory life sentence. His appeal presents two questions for determination.

The first issue concerns the refusal by the court to admonish the jurors, prior to an adjournment in the trial, that they should not begin their deliberations until all of the evidence had been reviewed. The State completed the presentation of its testimony just before a recess for lunch. Before excusing the jurors for the lunch hour, they were instructed as follows by the court:

"In your absence from the courtroom do not discuss this case with anyone, and don't discuss it with each other. In the event that anyone should attempt to talk to you about this Case, find out who they are and report it to the court."

Counsel for appellant then asked the court to further instruct the jurors "that they should not deliberate until all of the evidence is in." The court refused the requested instruction and appellant charges that this was error. He contends that the refusal to so admonish the jury denied him a fair trial. There is no merit in the contention.

The rule is well settled that jurors should not, prior to the submission of the case to them, converse with outsiders or among themselves on any subject connected with the trial, or form or express any opinion thereabout; and that the jurors should be so admonished when they are permitted to separate during the trial. *State v. Wells,* 249 S. C. 249, 153 S. E. (2d) 904; 23A C. J. S. Criminal Law § 1361.

The trial judge admonished the jurors in this case that they were not to discuss the case with anyone or with each other during their absence from the courtroom. The instruction given to the jury was in substantial compliance with the foregoing rule.

In any event, however, the record is devoid of the slightest indication of prejudice or injury to appellant from the refusal to admonish the jury in the language of the request.

If the jury complied with the instruction not to discuss the case with outsiders or among themselves, and there is no contention that they failed to do so, it is reasonable to assume, in the absence of some showing to the contrary, that they did not begin their deliberations until the case was finally submitted to them for decision.

Finally, appellant charges that the trial judge erred in admitting in evidence the knife allegedly used in the slaying. It is contended that the knife in question was not connected wth the defendant or the slaying and was therefore irrelevant and prejudicial.

It is elementary, of course, that the knife was admissible in evidence only if it was shown to be relevant to the proof of some fact in issue, and it was relevant if there was evidence showing that it was reasonably connected with the commission of the crime charged.

Another prison inmate, an eye witness, testified that he saw appellant stab the deceased several times with a knife, then saw appellant wrap the knfe in a rag and throw it in a garbage or trash can located within the prison ward where the crime was committed. Shortly after the crime was discovered, the investigating officials found a knife, stained with human blood, in a garbage can within the prison ward. This was the knife admitted in evidence over appellant's objection.

The deceased died from stab wounds and the foregoing knife was the only one found in the prison ward, a security area where the prison inmates were confined for the night.

Under the foregoing testimony, it was reasonably inferable that the knife found and admitted in evidence was the weapon used by appellant in the commission of the crime. As such, it was properly admitted in evidence.

The judgment of the lower court is affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.