20972

The STATE, Respondent, v. Eric Andre GILL, Appellant.

(255 S. E. (2d) 455)

*William M. Brice, Jr.,* York; and *James F. Wells,* Rock Hill, *for appellant.*

*Atty. Gen., Daniel R. McLeod* and *Asst. Atty. Gen., Brian P. Gibbes,* Columbia; and *Sol. William L. Ferguson,* York, *for respondent.*

May 24, 1979.

GREGORY, Justice:

Appellant Eric Andre Gill was convicted of murder, armed robbery, and grand larceny of a vehicle and was sentenced to death for murder, twenty-five (25) years imprisonment for armed robbery, and ten (10) years imprisonment for grand larceny of a vehicle. We reverse.

First, appellant contends the trial judge erred by instructing the jury during the course of the trial as follows:

. . . I believe I told you and have told you on each occasion you left the courtroom, that you are not to discuss the case even among yourselves unless you are in the jury room, now you can discuss it in there, but don't discuss it at the motel or any place else, among yourselves even and of course it is illegal for anyone else to try to talk to you about the case. It is improper for you to discuss it, but it is not illegal, so I am just going to ask you not to do the improper thing, but you can discuss it all you wish to in the jury room but don't attempt to reach a decision until I tell you to begin your final deliberations, but please do not discuss the case among yourselves while you are at any place other than the jury room.

Counsel for appellant promptly objected to the instruction.

The challenged instruction advised the jury that it was proper to begin their deliberations before the close of the case. This was error. The trial judge should have instructed the jury to begin their deliberation only after all the evidence had been introduced, the arguments of counsel had been completed, and the applicable law had been charged.

Recently in *State v. McGuire,* S. C., 253 S. E. (2d) 103 (1979) we quoted with approval the following precautionary instruction taken from *State v. Drake,* 31 N. C. App. 187, 229 S. E. (2d) 51 (1976):

"And lastly, the only proper place for a jury to deliberate upon any criminal case is in the Jury Room at the end of the whole case, that is, after the evidence is all presented, the lawyers have had their opportunity to make their final summations or arguments to you and the Court has had its opportunity to charge you on the applicable law. So, you should keep your mind open until reaching the Jury deliberation room and not decide the case prior to that time, when you can have the counsel and advice of your fellow jurors."

In *McGuire* we stated the reason for the above quoted instruction:

The human mind is constituted such that when a juror declares himself, touching any controversy, he is apt to stand by his utterances to the other jurors in defiance of evidence. A fair trial is more likely if each juror keeps his own counsel until the appropriate time for deliberation. 253 S. E. (2d) at 105.

■ The trial judge's improper instruction amounted to an invitation to the jurors to begin their deliberations before the close of the case. This instruction was inherently prejudicial and requires reversal.

■ Second, appellant contends the trial judge erred by refusing to find as a matter of law that statutory rape was not a crime that involved the use of violence

against another person. The issue arose during the presentence hearing conducted before the trial jury pursuant to Section 16-3-20(B), 1976 Code of Laws of South Carolina, Cum. Supp. 1978, to determine whether appellant should be sentenced to death or life imprisonment upon the conviction for murder. Appellant sought to argue to the jury in mitigation of punishment that he had no prior record of crimes involving the use of violence against another person, and asked the trial judge to rule whether a prior conviction for statutory rape would preclude that argument. The trial judge refused to find as a matter of law that statutory rape was not a crime involving the use of violence against another person. We agree with appellant that this was error.

Under the recently repealed statute, Section 16-3-650, 1976 Code, it was clear that force or violence was not an element of the offense of statutory rape. All that the State was required to prove in order to obtain a conviction under the statute was that the defendant had intercourse with a female under the age of sixteen (16). *State v. Whitener,* 228 S. C. 244, 89 S. E. (2d) 701 (1955), cert. denied, 350 U. S. 861, 76 S. Ct. 101, 100 L. Ed. 764; *State v. Horton,* 209 S. C. 151, 39 S. E. (2d) 222 (1946). Thus, by definition, the crime of statutory rape would not involve the use of violence against another person.

Although this error would not require a reversal of appellant's convictions, it would require a reversal of the death sentence and the issue is likely to recur on retrial.

We consider it unnecessary to address the remainder of appellant's exceptions. We have reversed appellant's convictions on another ground and a consideration of the remaining assignments of error would be of no assistance on the retrial of the case.

Accordingly, appellant's convictions are reversed and the case is remanded for a new trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.