21206

Jerry Edwin DAVIS, Respondent, v. STATE of South Carolina, Appellant.

(265 S. E. (2d) 679)

*Atty. Gen., Daniel R. McLeod, Asst. Atty. Gen., William K. Moore,* and *Staff Atty., Corrine G. Russell,* Columbia, *for appellant.*

*Chief Atty. John L. Sweeney* and *Staff Atty. Tara D. Shurling, S. C. Appellate Defense Commission,* Columbia, *for respondent.*

April 24, 1980.

*Per Curiam:*

Respondent plead guilty to four counts of receiving stolen goods. Upon denial of request to withdraw the guilty plea, the presiding judge imposed sentence as follows:

Indictment No. 761 [possession of tune-up testor and tool box with assorted tools] ten (10) years, suspended upon service of six (6) years, payment of $5,000 fine and $3,000 restitution. Probation to follow for five (5) years.

Indictment No. 772 [possession of one tool box] ten (10) years, suspended upon service of six (6) years and $3,000 restitution. Sentence concurrent to Indictment No. 761.

Indictment No. 773 [possession of one 1976 Blazer Chevrolet Truck] ten (10) years, suspended, concurrent to other sentence.

Indictment No. 771 [possession of one 1975 Bulldozer] "a like sentence."

Sentences consecutive to terms previously imposed with special condition that respondent be denied pre-release under any circumstances.

Upon hearing application for Post-Conviction Relief, the court below found prohibition of pre-release employment beyond the power of the sentencing judge and, in addition, held refusal to permit withdrawal of the guilty plea a violation of the constitutional right to trial by jury. The State appeals the grant of new trial.

On appeal from an order granting Post-Conviction Relief, this Court must determine whether there is any evidence to support the hearing court's findings of fact. *Chasteen v. State* (S. C.) 262 S. E. (2d) 880, 1980. Review of the records of the guilty plea and Post-Conviction Relief hearings confirms that the court scrupulously adhered to the principles of *Boykin v. Alabama,* 395 U. S. 238, 89

S. Ct. 1709, 23 L. Ed. 2d 274 (1969), in finding respondent's plea voluntary and intelligent. Examination of testimony cited as necessitating a new trial, however, reveals that respondent never denied knowingly receiving stolen goods, only that he acquired as yet unproduced bills of sale for the items. Contrary to the findings of the Post-Conviction judge, there is no evidence that respondent, "by his own statement has indicated the absence of an essential element of the offense." Therefore, the order below granting a new trial is without factual support and we reverse.[1]

We agree with the Post-Conviction court that the sentencing provision restricting respondent from pre-release programs infringes upon the statutory authority of the Board of Corrections to "extend the limits of the place of confinement of the prisoner by authorizing him to work at paid employment." S. C. Code Section 24-3-20 (1976); Cum. Supp. 1979. Clearly, the cited statute places any person convicted of an offense in the custody of the Board of Corrections and permits their paid employment "when the Board determines." The attempt to prohibit respondent from participating in pre-release programs was outside the jurisdiction of the presiding judge and that portion of the sentence is void. The remaining sentence provisions addressing duration of imprisonment, probation, fine and restitution are affirmed.

---

[1] The one "charge" which respondent uncategorically denied during plea proceedings, and upon which the hearing court relied in ordering new trial, concerns an alleged tractor-trailer theft in Lexington County. Research reveals that this incident was not among the indictments before the presiding judge and, although "taken into consideration," did not contribute to sentences imposed. Denial of an unrelated charge is clearly no ground for award of new trial.