21766

Elliott BECKETT, Appellant, v. STATE of South Carolina, Respondent.
(294 S. E. (2d) 46)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender William Isaac Diggs* of *S. C. Commission of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Donald J. Zelenka* and *Larry L. Vanderbilt*, Columbia, *for respondent.*

July 22, 1982.

*Per Curiam:*

Appellant pled guilty to possession of cocaine and marijuana with intent to distribute both. He was sentenced to five years, concurrent, on each count, the sentences to be served consecutively to a previous eight year sentence for grand larceny. This appeal is from denial, after a hearing, of post-conviction relief. We affirm.

Appellant first asserts that the post-conviction relief judge should not have considered an affidavit from the guilty plea hearing judge. Sworn affidavits are admissible at post-conviction proceedings in the discretion of the trial judge. Code of Laws of South Carolina Ann. § 17-27-80 (1976). Appellant did not argue nor did he attempt to show an abuse of discretion on the part of the trial judge. This exception, therefore, is without merit.

Second, appellant contends he received ineffective assistance of counsel at the guilty plea hearing because of an inadvertent remark made by his attorney. At the conclusion of the guilty plea hearing, appellant's counsel inadvertently asked the judge to give appellant "consecutive" sentences. It is clear from the transcript that counsel meant to ask for "concurrent" sentences, and that the trial judge apparently understood counsel's meaning. Additionally, the trial judge's affidavit stated he understood counsel had meant to ask for concurrent sentences, and that he was not influenced by counsel's inadvertent remark. There was, therefore, ample evidence on the record for the judge to have found appellant received effective assistance of counsel. *Davis v. State,* 274 S. C. 549, 265 S. E. (2d) 679 (1980).

Further, in an ineffective assistance of counsel case, the petitioner has the burden of showing that counsel's actions or omissions were prejudicial to him. *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. (2d) 705 (1967); *Chambers v. Maroney,* 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. (2d) 419 (1970); *United States v. DeCoster,* 624 F. (2d) 196 (D. C. Cir. 1976); *Wood v. Zahradnick,* 578 F. (2d) 980 (4th Cir. 1978); *Cooper v. Fitzharris,* 586 F. (2d) 1325 (9th Cir. 1978); *Davis v. Alabama,* 596 F. (2d) 1214 (5th Cir. 1979). *See also State v. Pendergrass,* 270 S. C. 1, 239 S. E. (2d) 750 (1977) (deficiency of

counsel not responsible for conviction); *Kibler v. State*, 267 S. C. 250, 227 S. E. (2d) 199 (1976) (Court will not speculate concerning what might have occurred if counsel had conducted further investigation); *Myers v. State*, 248 S. C. 539, 151 S. E. (2d) 665 (1966) (counsel not ineffective where no showing was made that witnesses he failed to call would have been of assistance to appellant).

We find appellant has failed to meet his burden of showing counsel's statement prejudiced him. This is particularly true in light of the trial judge's affidavit. The decision of the lower court denying appellant's petition for post-conviction relief is, therefore, affirmed.