22133

Gus DANIEL, Respondent, v. STATE of South Carolina, Appellant.

(317 S. E. (2d) 746)

Supreme Court ,

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Donald J. Zelenka* and *William G. Rhoden,* and *Staff Atty. Sanford E. Haley,* Columbia, *for appellant.*

*John M. Gulledge,* Greenwood, and *Asst. Appellate Defender, William Isaac Diggs,* Columbia, *for respondent.*

Submitted May 24, 1984.

Decided June 28, 1984.

LITTLEJOHN, Chief Justice:

The Respondent, Gus Daniel, pled guilty to armed robbery, assault with intent to kill, assault and battery with intent to kill, and carrying a pistol and was sentenced. He did not appeal. Respondent later applied for Post Conviction Relief asserting two grounds. The PCR judge granted a new trial. We reverse.

Respondent robbed a Bi-Lo Food Store and then fought a number of law enforcement officers in a gun battle, wounding two of them. During the taking of the guilty plea, Respondent stated that he had been taking medicine for his "nerves" for eleven years. He said:

> ... you've heard a lot of people talk about "hoo doo" (REPORTER: Referring to "voo doo") and what it's done to people, making them do this and making them do that, with frogs and snakes and things, and I believe somebody done something to make me go do that and get in trouble. I wouldn't have done that in my right mind.

Respondent did not tell his attorney of any mental problems. He did not recall inquiring about any possible mental problems.

During the guilty plea hearing, the solicitor stated that, although Respondent had no prior convictions, the modus operandi of this robbery was identical to that of a robbery two or three years earlier of a Sky City store adjacent to the Bi-Lo. Respondent's attorney objected and the trial judge stated:

> THE COURT: I understand. The Court cannot take into consideration, Mr. Anderson, as you know any crime for which he's —
> MR. ANDERSON: I feel like I'm painting a pink elephant when I raise it back out of the grave so to speak, but —
> THE COURT: Well, all I'm telling you, you don't have to raise it.

PCR relief is sought on two grounds:

(1) ineffective assistance of counsel based upon failure of counsel to investigate the mental condition of the Respondent and failure to pursue any defense arising from such mental condition; and
(2) violation of due process by improper remarks by the solicitor at the guilty plea.

The PCR judge granted relief on both grounds.

This court must affirm the ruling of the PCR judge if there is any evidence to support his decision. *Davis v. State,* 274 S. C. 549, 550, 265 S. E. (2d) 679, 680 (1980). On

a request for PCR based on ineffective assistance of counsel, the petitioner has the burden of proving that the alleged error was prejudicial to him. *Beckett v. State*, 278 S. C. 222, 223, 294 S. E. (2d) 46, 47 (1982). There is *no* evidence showing that the failure of counsel to investigate Respondent's mental condition was prejudicial to the Respondent, nor that due process has been denied.

The "test in this State of whether an accused is criminally responsible for his actions is whether he had the mental capacity to distinguish moral or legal right from moral or legal wrong, and to recognize the particular act charged as morally or legally wrong." *State v. Law*, 270 S. C. 664, 667, 244 S. E. (2d) 302, 304 (1978).

■  At the PCR hearing, Respondent testified:

> Q. You aren't denying that you committed these crimes, are you?
> A. No.
> Q. At the time you committed these crimes, you knew you were doing wrong, didn't you?
> A. Yes.
> Q. When you committed these crimes, after you committed them, you realized in your mind that you had done something wrong, something that you shouldn't have done, didn't you?
> A. Yes.
> Q. And you were sorry for doing these acts, weren't you?
> A. Yes.
> Q. That's why you pled guilty, wasn't it?
> A. Yes.

Under our insanity test, Respondent would not be excused from criminal responsibility. *Id.*

Furthermore, the trial judge was very careful to make sure that Respondent knowingly and voluntarily pled guilty. The evidence shows that Respondent was mentally competent to plead guilty. *Id.* at 669, 244 S. E. (2d) at 305.

■  Under the second alleged error only the term of confinement may be affected. This court, however, does not need to inquire into the alleged error of the solicitor

in his remarks concerning the módus operandi. The judge obviously disregarded the statement.

For the above stated reasons, the order of the trial judge is

Reversed.

NESS, GREGORY and HARWELL, JJ., and ALEXANDER M. SANDERS, Jr., as Acting Associate Justice, concur.