22339

The STATE, Respondent, v. Robert W. SOUTH, Appellant.

(331 S. E. (2d) 775)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Norman Mark Rapoport,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

*Jack B. Swerling, Richard A. Harpootlian,* and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

Heard May 6, 1985.

Decided June 4, 1985.

GREGORY, Justice:

Appellant Robert W. South was convicted of the murder of West Columbia Police Officer Daniel Cogburn and sentenced to death. His direct appeal and mandatory review [S. C. Code Ann. § 16-3-25 (1984) ] have been consolidated for purposes of this opinion.

Appellant raises numerous allegations of error. We affirm his conviction and sentence.

## I. *Facts*

On April 12, 1983, at approximately 7:30 p.m., Officers Cogburn and Smith stopped an automobile on 9th Street in West Columbia.

Officer Cogburn was sitting on the driver's side of the patrol car writing a traffic citation. A light colored truck pulled up beside Cogburn's car and fired one shot into it, striking Cogburn, who died a short time later.

After a brief chase, the truck collided with another police vehicle. Appellant was the only occupant of the vehicle when this collision occurred. The murder weapon, an M-1 carbine, was also in the truck.

## II. *Pre-trial Matters*

South contends the lower court erred in denying his motion to change venue, claiming a fair trial was impossible in Lexington County due to the media attention and publicity given to the murder. We disagree.

The decision to change venue is within the discretion of the lower court. *State v. Thomas*, 198 S. C. 519, 18 S. E. (2d) 369 (1942). We can find no abuse of discretion. The trial judge carefully screened prospective jurors to insure appellant a fair trial. *See State v. Copeland*, 278 S. C. 572, 300 S. E. (2d) 63 (1982); *State v. A. Allen*, 266 S. C. 175, 222 S. E. (2d) 287 (1976).

## III. *Jury Matters*

During *voir dire*, the trial judge asked each prospective juror whether they would: (a) always vote for the death penalty; (b) always vote for life imprisonment; or (c) vote for either, depending on the evidence. Appellant claims this inquiry improperly steered the jurors. This contention is without merit.

The trial judge's questions were proper because they insured the jurors could perform their duties as required by law. *See State v. Elmore*, _____ S. E. (2d) _____ , Davis's Advance Sheets, Op. No. 22322, filed May 16, 1985.

South also contends the trial judge erred in refusing to permit defense counsel to ask jurors hypothetical questions concerning the death penalty. Clearly, the questions would have been improper since the purpose of *voir dire* is to insure each juror can make a decision based

534

on the evidence presented, rather than hypothetical evidence.

Next, South alleges the trial judge improperly excluded two prospective jurors because of health and educational conflicts. This was within the trial judge's discretion.

He also complains that certain jurors were improperly excluded because of their views on capital punishment. However, an examination of the entire colloquy reveals the jurors were properly excluded because their views on the death penalty would have substantially impaired the performance of their duties. *State v. Elmore.*

South proposes we abandon our present capital jury selection process, citing *Grigsby v. Mabry,* 758 F.2d 226 (8th Cir. 1985). This proposition is untenable.[1]

Next, appellant argues death-qualified jurors were included in the panel. A review of the entire *voir dire* reveals the jurors were properly seated. Furthermore, error cannot be assigned in seating jurors because appellant did not exhaust his peremptory challenges. *State v. Britt,* 237 S. C. 293, 117 S. E. (2d) 379 (1960).

Finally, South contends the lower court erred in allowing the jurors to take notes. Such was a proper exercise of discretion. *State v. Trent,* 234 S. C. 26, 106 S. E. (2d) 527 (1959).

## IV. *Evidentiary Matters*

South's first assignment of error is the admission of evidence of his 1980 arrest for resisting arrest and disorderly conduct, and subsequent conviction for the latter offense. Under established precedent, the evidence was properly admitted.

The State's theory was that the arresting officer in the 1980 incident, Officer Hall, was South's intended victim, rather than Officer Cogburn. At trial, they offered evidence of the earlier offense, as well as evidence of threats directed at Officer Hall. They also sought to show a physical resemblance between Hall and Cogburn.

---

[1] *See Keeten v. Garrison,* 742 F.2d 129 (4th Cir. 1984) which also rejected this argument.

Since this evidence demonstrated motive, it was properly admitted. *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923).

South further contends the lower court erred in admitting notes made by Officer O'Neal on the night of appellant's arrest. They concerned incriminating statements made by appellant, and were admitted in addition to O'Neal's testimony. We agree the notes were improperly admitted since they were prior consistent statements, *See Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 (1960); however, the evidence was harmless beyond a reasonable doubt since it was cumulative to the abundant amount of similar evidence admitted at trial. *State v. Blackburn,* 271 S. C. 324, 247 S. E. (2d) 334 (1978).

Appellant also claims two statements he made shortly after his arrest were erroneously excluded as self-serving hearsay. He contends they were admissible as *res gestae.* Neither of the statements were sufficiently contemporaneous with the murder to qualify as part of the *res gestae. See State v. Blackburn.* Furthermore, any alleged error was harmless beyond a reasonable doubt since the statements concerned his claim that an anonymous hitchhiker committed the murder. Abundant evidence on this claim was admitted throughout the trial.

South focuses further assignments of error on the State's reply witnesses. First, he contends the testimony should have been excluded because the State failed to disclose their statements pursuant to the pre-trial discovery order. The order was not violated because it only required the State to produce statements used in its case-in-chief. The order was proper because the rule only requires disclosure of such statements as ordered by the trial judge. Circuit Court Rule 103(a)(2).

Second, appellant claims the witnessses were outside the scope of reply. Clearly, the witnesses were presented to contradict appellant's testimony. Any arguably contradictory testimony is proper on reply, and the trial judge properly exercised his discretion. *State v. Stewart,* 283 S. C. 104, 320 S. E. (2d) 447 (1984).

Next, South contends certain statements he made to witnesses Boatwright, Sims, Isles, Hall, Harmon and Braswell were erroneously admitted in violation of the discovery order. We disagree.

The statement made to Boatwright was made at the same time as the Sims statement. Since appellant received the Sims statement, the admission of the cumulative Boatwright statement was harmless beyond a reasonable doubt. *See State v. Blackburn.*

The Harmon, Isles and Hall statements were properly admitted because they were not in response to interrogation. Circuit Court Rule 103(a)(1)(A).

Appellant's attack on the Braswell statement is based on the State's failure to produce a tape recorded statement in addition to the written statement. This error was harmless beyond a reasonable doubt since appellant received the substantial equivalent in the written statement.

Error is also claimed where the solicitor, in cross-examining appellant, referred to appellant's wife and asked whether she would testify. Appellant contends this violated his rights provided by the interspousal privilege. S. C. Code Ann. § 19-11-30 (1984).

Though the question was improper, the record reveals no prejudice resulted. This brief reference, read in context, created no negative inference.

Next, appellant argues the badge and credentials of officer Cogburn were improperly admitted. Clearly, this admission was proper as proof of the statutory aggravating circumstance. *See* S. C. Code Ann. § 16-3-20(C)(a)(7) (1984).

South's final contention is the solicitor erred in mentioning the pregnancy of Cogburn's wife during the course of questioning a witness. This error was rendered harmless beyond a reasonable doubt by an immediate curative instruction by the trial judge.

## V. *Closing Arguments*

First, appellant argues the solicitor improperly argued that acquittal would be tantamount to giving appellant his gun back.

Viewed in context, this argument does not appear to be highly inflammatory. We will defer to the discretion of the trial judge, whose ruling will not ordinarily be disturbed. *See State v. Chaffee and Ferrell,* 328

S. E. (2d) 464 (S. C. 1984); *State v. Durden*, 264 S. C. 86, 212 S. E. (2d) 587 (1975).

Appellant's next contention is that the solicitor improperly inferred he should have introduced additional evidence if the State's reply witnesses were wrong. An examination of the entire argument in context did not convey such a message.

The next alleged error is the solicitor's reference to procedural safeguards during his sentencing phase summation. Appellant argues this lessened the jury's sense of responsibility, while the State contends the reference emphasized the jury's responsibility. Ordinarily, the trial judge has wide discretion regarding the propriety of arguments. We will not disturb his ruling. *State v. Woomer*, 278 S. C. 468, 299 S. E. (2d) 317 (1982).

Furthermore, any alleged prejudice was negated. Appellant's counsel also mentioned such safeguards in his argument. Additionally, the trial judge repeatedly charged the jury concerning their responsibility, and the importance of their decision.

Appellant further contends the solicitor improperly argued the verdict would be a message to Lexington County and the State of South Carolina. This contention is meritless. *State v. Durden*, 264 S. C. 86, 212 S. E. (2d) 587 (1975). Furthermore, appellant's counsel refused the trial judge's offer of a curative instruction.

Finally, South alleges the solicitor improperly appealed to the jurors' emotions by placing the deceased officer's badge on the floor, and making references to Officer Cogburn's family. Reading the entire argument reveals no reversible error. *State v. J. L. Allen*, 266 S. C. 468, 224 S. E. (2d) 881 (1976).

Appellant has the burden of showing any alleged error in argument deprived him of a fair trial. *State v. Durden.* He has not met this burden.

## VI. *Jury Instructions*

Appellant first contends the trial judge erred in refusing to charge the existence of mitigating circumstances as a matter of law, citing *State v. Gill*, 273 S. C. 190, 255 S. E. (2d) 455 (1979).

Reliance on *Gill* is misplaced. *Gill* stands for a narrow proposition — whether the existence or nonexistence of a matter would allow evidence of mitigation to go to a jury. Nowhere does *Gill* require a finding of mitigation as a matter of law.

Next, South claims the trial judge erred in placing the burden to prove mitigation on him. Clearly, the statute mandates the State prove aggravation, and the defense prove mitigation.

Finally, appellant asserts the trial judge should have charged the jury that parole was not a factor to be considered. Since parole was not an issue, the refusal to make such a charge was proper. *State v. Copeland.*

### VII. *Constitutionality*

South's constitutional attack on the Death Penalty Act is without merit. Its constitutionality is well settled. *State v. Copeland.*

### VIII. *Statutory Review*

We have reviewed the facts of other death penalty cases. The sentence in this case was appropriate, especially in light of the complete absence of provocation on the part of the victim.

Furthermore, a thorough search of the record reveals no other reversible errors. Appellant's conviction and sentence are

Affirmed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.