## 22596

The STATE, Respondent v. Benjamin Anthony JOYNER, Appellant.

(346 S. E. (2d) 711)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* and *James C. Anders, Sol.* of the *Fifth Judicial Circuit,* Columbia, *for respondent.*

*Chief Atty. William Isaac Diggs,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

Heard Jan. 7, 1986.

Decided July 21, 1986.

*Per Curiam:*

The appellant, Benjamin Anthony Joyner, and co-defendants, Marcellus Pierce, Jr., and William Anthony Nesmith, were convicted of murder, kidnapping, first degree criminal sexual conduct, grand larceny and conspiracy. Joyner was

sentenced to life for murder, life for kidnapping to run consecutively to the sentence for murder, thirty (30) years for criminal sexual conduct consecutive to the two (2) life sentences, ten (10) years for grand larceny consecutive to the thiry (30) years, and five (5) years for conspiracy to run consecutive to all other sentences. We reverse and remand.

Barbara Rossi was abducted from the Woodhill Mall parking lot in Richland County and taken to a nearby remote area where she was raped, robbed and shot to death. Joyner and co-defendants Pierce and Nesmith were indicted and tried together for the crimes.

After reviewing the eight exceptions filed by the appellant, it is the conclusion of this Court that we need only address Exception Number 2. Appellant alleges the trial judge committed reversible error in his jury instructions because the instructions invited or permitted the jury to prematurely deliberate the case. The trial judge instructed the jury in his introductory charge not to deliberate about the case until it is concluded. He further instructed, "By that also I don't say that in the evening or during lunch or something you are not naturally going to be talking about the case." Prior to the weekend recess, the trial judge again instructed the jury, "I don't suggest for a moment that you would not as human beings talk about the trial and what is going on. Do not start making up your minds about what your verdict should be."

This Court held that these identical jury instructions were inherently prejudicial and required reversal in co-defendant Pierce's case, *State v. Marcellus Pierce, Jr.*, 346 S. E. (2d) 707 (S. C. 1986). A jury should not begin discussing the case, nor deciding the issues, until all the evidence has been introduced, the arguments of counsel complete, and the applicable law charged. *Id.; State v. Gill*, 273 S. C. 190, 255 S. E. (2d) 455 (1979); *State v. McGuire*, 272 S. C. 547, 253 S. E. (2d) 103 (1979).

The reasoning behind this holding against premature jury deliberation is best set out in *McGuire*, 272 S. C. at 552, 253 S. E. (2d) 103, wherein the Court stated: "The human mind is constituted such that when a juror declares himself, touching any controversy, he is apt to stand by his utterances to the other jurors in defiance of evidence. A fair trial is more likely if each juror keeps his

own counsel until the appropriate time for deliberation." The challenged instructions invited the jury to discuss the case, which is tantamount to deliberation, prior to its completion and is reversible error.

In view of our decision, we do not find it necessary to decide appellant's remaining exceptions.[1]

We reverse and remand for a new trial.

Reversed and remanded.

CHANDLER, J., not participating.

---

[1] We note appellant's Exception Number 1 alleges that the trial judge erred in sentencing him to separate life imprisonment terms for kidnapping and murder. We call to the trial court's attention on remand S. C. Code Ann. § 16-3-910 (1976); *State v. Perry*, 278 S. C. 490, 299 S. E. (2d) 324 (1983); and *State v. Copeland*, 278 S. C. 572, 300 S. E. (2d) 63 (1982).