22714

The STATE, Respondent v. Arthur Lee GRIMES, Appellant.

(355 S. E. (2d) 538)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, of S. C. Office of Appellate Defense, Columbia, for appellant.*

*Atty Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Columbia, and Sol. Charles M. Condon, Charleston, for respondent.*

Submitted Oct. 29, 1986.

Decided April 27, 1987.

*Per Curiam:*

Appellant was convicted of two counts of murder and sentenced to two consecutive life terms. We affirm.

Appellant argues that the judge's charge on insanity was erroneous. We disagree.

The "test in this State of whether an accused is criminally responsible for his actions is whether he had the mental capacity to distinguish moral or legal right from moral or legal wrong, and to recognize the particular act

charged as morally or legally wrong." *Daniel v. State*, 282 S. C. 155, 317 S. E. (2d) 746 (1984). Stated differently, a person is insane if, due to a mental disease or defect, he lacks the capacity (1) to distinguish moral or legal right from moral or legal wrong, or (2) to recognize the particular act charged as morally or legally wrong. In our opinion, the judges charge correctly advised the jury of this standard.

Appellant also argues that S. C. Code Ann. § 17-24-10 (1985) has changed the elements of the insanity defense. We disagree.

Section 17-24-10(A) provides that it is "an affirmative defense to prosecution for a crime that, at the time of the commission of the act constituting the offense, the defendant, as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong *and* to recognize the particular act charged as morally or legally wrong." (emphasis added). Section 17-24-20 establishes the verdict of guilty but mentally ill where, "at the time of the commission of the act constituting the offense, [the defendant] had the capacity to distinguish right from wrong *and* to recognize his act as being wrong as defined in § 17-24-10(A), but because of mental disease or defect he lacked the sufficient capacity to conform his conduct to the requirements of the law." (emphasis added).

Based on a literal reading of these sections, a person having the mental capacity to distinguish right from wrong, but who because of a mental disease or defect is unable to recognize the act charged as being wrong, may not be found either insane or guilty but mentally ill. Because this class of persons has traditionally been protected by the insanity defense,[1] we cannot conclude that the General Assembly intended to have this class without any defense or special verdict based on their mental condition.

When interpreting a statute, this Court is confined to ■ discerning and giving effect to the legislative intent. *State v. Salmon*, 279 S. C. 344, 306 S. E. (2d) 620 (1983).

---

[1] Indeed, the primary focus of the insanity defense is on the act charged: "It is the power to distingiush right from wrong *in the act itself* — to recognize *the act complained* of is either morally or legally wrong. When this power exists in a defendant ... he must answer for his acts." *State v. McIntosh*, 39 S. C. 97, 17 S. E. 446 (1893); *see also State v. Bramlett*, 114 S. C. 389, 103 S. E. 755 (1920).

However, when necessary to effectuate the legislative intent, "and" can be construed to mean "or." *Cain v. South Carolina Public Service Authority,* 222 S. C. 200, 72 S. E. (2d) 177 (1952).

In our opinion, the Legislature did not intend to change the insanity defense when it enacted § 17-24-10. We, therefore, read the "and" in § 17-24-10(A) to mean "or" so that the statutory definition of insanity is equivalent to the definition of insanity under *Daniel v. State, supra.*

The remaining issues raised by the appellant are without merit and are disposed of under Supreme Court Rule 23. Accordingly, the convictions are

Affirmed.