23109

The STATE, Respondent v. Allen McKAY, Appellant.

(386 S. E. (2d) 623)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia; and *Solicitor Charles M. Condon,* Charleston, *for respondent.*

Heard April 3, 1989.

Decided Dec. 4, 1989.

FINNEY, Justice:

Appellant Allen McKay appeals from a trial court's refusal to make a determination as to whether or not multiple crimes were committed within one continuous course of conduct as defined by S. C. Code Ann. § 24-21-640 (1987). We affirm the trial court's ruling.

Appellant committed armed robbery in South Carolina on October 20, 1986. Subsequently, he pled guilty in the State of Virginia to committing armed robbery on October 26, 1986, and received a four-year sentence. The appellant was on parole from the Virginia sentence at the time he entered a guilty plea to the armed robbery which occurred in South Carolina. The South Carolina court imposed a sentence of twelve years and refused to consider appellant's motion for the court to find that the South Carolina offense occurred as a part of one continuous course of conduct with his Virginia armed robbery. The court ruled that it was not authorized to make such a finding and held that it was a matter under jurisdiction of the Probation, Parole and Pardon Board.

Section 24-21-640 provides in pertinent parts as follows:

> The Board shall carefully consider the record of the prisoner before and after imprisonment ... The Board shall not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction, for violent crimes as defined in § 16-1-60. Provided that where more than one included offense shall be committed within a one-day period or pursuant to one continuous course of conduct, such multiple offenses shall be treated for purposes of this section as one offense.

We conclude that § 24-21-640 specifically provides for the Board to consider the complete record of a prisoner and delegates to the Board the responsibility of determining if and when a prisoner meets the prerequisites of parole eligibility. Further, this Court finds that the question of parole eligibility is separate and independent from the court's authority to sentence an offender. The final judgment of the court in a criminal case is the sentence. *Berman v. United States*, 302 U. S. 211, 58 S. Ct. 164, 82 L.Ed. 204 (1937).

We hold that the authority to determine, for purposes of parole eligibility under § 24-21-640, whether multiple violent crimes have been committed pursuant to one continuous course of conduct is statutorily vested in the Board. Therefore, the ruling of the trial court is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ, concur.