23450

Roger Dale CURTIS, Petitioner v. STATE of South Carolina, Respondent.
(407 S.E. (2d) 643)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, and Asst. Atty. Gen. Delbert H. Singleton, Jr., Columbia, for respondent.*

Submitted May 21, 1991; Decided Aug. 5, 1991.

Rehearing Denied Sept. 4, 1991.

## ON WRIT OF CERTIORARI

CHANDLER, Justice:

We granted certiorari to review the denial of Post-Conviction Relief (PCR) to Petitioner, Roger Dale Curtis (Curtis).

We affirm.

## FACTS

In July, 1987, Curtis was convicted of kidnapping and first degree criminal sexual conduct (CSC) and sentenced to life and thirty years, respectively.

After four months of incarceration, Curtis pled guilty to a second incident of kidnapping and CSC. This second offense was committed during the same week as the offense for which he was convicted in July. His plea was induced by counsel's assurance that both offenses would be treated as a single continuous course of conduct, so that he would remain eligible for parole after service of ten years.[1]

## ISSUE

The sole issue is whether counsel was ineffective in advising Curtis that his guilty plea would not affect parole eligibility.

## DISCUSSION

At PCR, Curtis testified that, subsequent to the plea, he received a letter from the Department of Parole advising that, since he had been separately sentenced for two violent crimes, he was ineligible for parole.[2] This letter was not introduced at the hearing.

In PCR proceedings, the burden of proof is upon petitioner to prove the allegation of his application. *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985) *cert. denied*, 474 U.S. 1094, 106 S. Ct. 869, 88 L. Ed. (2d) 908 (1986). Additionally, in requesting PCR based on ineffective assistance of counsel, the petitioner must demonstrate that the alleged error was prejudicial. *Daniel v. State*, 282 S.C. 155, 317 S.E. (2d) 746 (1984).

Here, Curtis failed to introduce the alleged letter. Moreover, the only evidence of record is an "Offender Summary" sheet indicating that Curtis is, in fact, eligible for parole after

---

[1] Contrary to counsel's belief, this is a matter for determination by the Department of Parole. *See State v. McKay*, 300 S.C. 113, 386 S.E. (2d) 623 (1989).

[2] S.C. Code Ann. § 24-21-640 (1989).

ten years. Accordingly, he has failed to demonstrate any prejudice, and PCR relief was properly denied.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.