23582

Glenn GALLMAN, Petitioner v. STATE of South Carolina, Respondent.

(414 S.E. (2d) 780)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey*, of the *South Carolina Office of Appellate Defense*, Columbia, *for petitioner*.

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Lisa G. Jefferson*, Columbia, *for respondent*.

Submitted Dec. 6, 1991.

Decided Feb. 24, 1992.

FINNEY, Justice:

This Court granted certiorari to review the denial of post-conviction relief (PCR) to Petitioner Glenn Gallman. After due consideration of the record, briefs of the parties and the applicable law, we reverse and remand.

Petitioner was tried January 18, 1990, in the Aiken County Court of General Sessions before a judge and jury for the offense of assault and battery of a high and aggravated nature. Petitioner was convicted and sentenced to imprisonment for ten years. No direct appeal was taken.

On July 3, 1990, petitioner filed an application for PCR on the ground of ineffective assistance of counsel asserting, *inter alia*, that his trial counsel failed to object to an allegedly prejudicial statement the trial court made to the jury. A PCR hearing was held on September 28, 1990, at which testimony was presented by the petitioner, petitioner's trial counsel, Public Defender Robert Bloedorn, and Wallace Gallman, petitioner's father. In its order dated October 23, 1990, the PCR court denied relief and dismissed petitioner's application based upon its finding that the petitioner had failed to meet his burden of proof. The PCR judge found that trial counsel's decision not to object to the trial court's alleged prejudicial remarks was sound trial strategy, and that the petitioner had not established any constitutional violations or deprivations before or during his trial. These proceedings followed.

The sole issue before this Court is whether petitioner is entitled to PCR on the basis of ineffective assistance of counsel. Petitioner contends his trial counsel was ineffective for failing to interpose an objection when the trial court made the following statement, prior to arguments of counsel or the charge on the law, in his instructions to the jury before they recessed for lunch.

> You're not in a posture yet to decide the case because you haven't heard the closing argument and you haven't heard the charge on the law. Please don't let anybody talk to you about it. *Obviously, you can talk about it among yourselves but you are not to render a decision* . . . (Emphasis added.)

Petitioner argues that the trial judge's comments explicitly invited the jury to prematurely discuss the case among themselves, that trial counsel was ineffective for failing to object, and that petitioner was prejudiced thereby. We agree.

The two-prong test which a defendant must meet in order to establish a claim of ineffective assistance of counsel are 1) that counsel's representation fell below

an objective standard of reasonableness; and 2) that, but for counsel's error, there is a reasonable probability the result would have been different. *Martinez v. State*, 304 S.C. 39, 403 S.E. (2d) 113 (1991). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Martinez v. State, supra [quoting Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984)]; and *Mitchell v. State*, 298 S.C. 186, 379 S.E. (2d) 123 (1989).

At the PCR hearing, petitioner's trial counsel testified that he did not recall the judge making the challenged statement. However, he conceded that the transcript was accurate as to the remarks and asserted that, in his opinion, the petitioner was not prejudiced by the statement. Trial counsel indicated that the lack of objection was part of his trial strategy because "objections would give the jury the idea that something was being hidden."[1]

This Court has held that jury instructions identical in substance to the instructions in the present case are inherently prejudicial in that they, in essence, invite the jurors to begin deliberations before the close of the case. A jury should not begin discussing the case, nor deciding the issues, until all the evidence has been introduced, the arguments of counsel complete, and the applicable law charged. *State v. Pierce*, 289 S.C. 430, 346 S.E. (2d) 707 (1986); *State v. Joyner*, 289 S.C. 436, 346 S.E. (2d) 711 (1986); *State v. Gill*, 273 S.C. 190, 255 S.E. (2d) 455 (1979). Jurors should be admonished not to discuss the case with anyone, including each other, prior to the submission of the case to them. *State v. Parker*, 255 S.C. 359, 179 S.E. (2d) 31 (1971). The purpose behind the requirement for juror silence on the case prior to submission to the jury was stated succinctly in *State v. McGuire*, 272 S.C. 547, 552, 253 S.E. (2d) 103, 105 (1979). The *McGuire* Court reasoned: "A fair trial is more likely if each juror keeps his own counsel until the appropriate time for deliberation."

The PCR court determined that trial counsel was weak and not forthright in his testimony of certain matters. However, the PCR judge affirmatively found that trial counsel em-

---

[1] We note that this record is devoid of any indication that trial counsel, out of the hearing of the jury, interposed an objection or made any motion pertaining to the alleged prejudicial remarks by the trial judge. Rules 4, 20, SCR Crim P.

ployed sound strategy in "not objecting and calling undue attention to the matters" complained of by the petitioner.

This Court finds that an error of law was involved and that petitioner's claim of ineffective assistance of trial counsel is established by the record. First, we hold that trial counsel's failure to discern the prejudicial effect of the judge's comments and interpose the appropriate objections downgrades his representation to a level below an objective standard of reasonableness. Second, we conclude that, but for trial counsel's error, there is a reasonable probability the trial result would have been different. *Martinez v. State, supra.*

In our view, the PCR court's finding that the petitioner failed to meet his burden of proof is refuted by the record, which reflects that trial counsel's error was sufficient to undermine confidence in the outcome of the case. "A PCR judge's findings will not be upheld if such findings are not supported by probative evidence." *Horton v. State,* — S.C. — at —, 411 S.E. (2d) 223 at 225 (1991), *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989).

Accordingly, the judgment of the PCR court is reversed and this case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER and TOAL, JJ., concur.

GREGORY, C.J., dissenting in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent. As the majority points out, petitioner has the burden of proving not only deficient representation by counsel, but a reasonable probability the result of the trial would have been different. *Martinez v. State,* 304 S.C. 39, 403 S.E. (2d) 113 (1991); *Butler v. State,* 286 S.C. 441, 334 S.E. (2d) 813 (1985). It is well-settled an applicant for PCR must demonstrate the alleged error was prejudicial in order to be entitled to relief. *Curtis v. State,* — S.C. —, 407 S.E. (2d) 643 (1991); *Daniel v. State,* 282 S.C. 155, 317 S.E. (2d) 746 (1984). The record in this case is devoid of any evidence of prejudice. The majority's conclusion there is a reasonable probability the result of the trial would have been different is totally without support. I agree with the PCR judge's finding petitioner failed to meet his burden of proof and would affirm.